J-S63040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KHALIL SMITH | |
| Appellant | No. 1881 EDA 2015 |

Appeal from the Judgment of Sentence June 4, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0011567-2013

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 19, 2016**

Appellant, Khalil Smith, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a jury trial and conviction for three violations of the Uniform Firearm Act ("VUFA"): persons not to possess firearms,[1] firearms not to be carried without a license,[2] and carrying firearms on public streets or property in Philadelphia.[3] Appellant challenges the sufficiency of the evidence. We affirm.

We adopt the facts set forth in the trial court's opinion. **See** Trial Ct. Op., 11/05/15, at 1-3. Following a jury conviction, the court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105.

[2] 18 Pa.C.S. § 6106.

[3] 18 Pa.C.S. § 6108.

Appellant on June 4, 2015, to an aggregate term of eight-and-one-half to seventeen years' imprisonment. Appellant filed a timely post-sentence motion, which the court denied on June 16, 2015. Appellant filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The court filed a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises the following issue for review:

> Did the trial court err when it found that there was sufficient evidence to prove, beyond a reasonable doubt, the crimes of persons not to possess firearms, firearms not to be carried without a license and carrying firearms on public streets or public property in Philadelphia?

Appellant's Brief at 2.

Appellant argues that the evidence was insufficient to support any of his VUFA convictions because the testimony presented at trial did not establish that he either possessed or constructively possessed the firearm found in the vehicle he was driving. Instead, Appellant contends that because the gun was recovered in the backseat of the car, it must have been in the possession of a passenger in the vehicle and not Appellant, who was the driver. We conclude that no relief is due.

The standard of review for a challenge to the sufficiency of the evidence is *de novo*, as it is a question of law. *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235 (Pa. 2007). As our Supreme Court has explained:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not

- 2 -

require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

\* \* \*

When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt.

**Id.** at 1235-37 (citations and quotation marks omitted).

The doctrine of constructive possession provides:

[i]n order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband.

**Commonwealth v. Harvard**, 64 A.3d 690, 699 (Pa. Super. 2013) (quotation marks and citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Anders, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. **See** Trial Ct. Op. at 3-6 (finding evidence sufficient to support Appellant's VUFA convictions because Appellant had both possessed and

- 3 -

constructively possessed the weapon in question where trial testimony established that a police officer had observed the firearm in the hands of Appellant, saw Appellant place the firearm in the waistband of his pants, and had thereafter watched Appellant and a passenger engage in furtive movements towards the center console of the car).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-51-CR-0011567-2013 |
| | : | |
| VS. | : | 1881 EDA 2015 |
| | : | |
| KHALIL SMITH | : | |

**FILED**

NOV 05 2015

Criminal Appeals Unit
First Judicial District of PA

OPINION

Following a jury trial, Defendant Khalil Smith was convicted of three violations of the

Uniform Firearms Act ("VUFA"). The trial court sentenced Defendant to 8.5 to 17 years of

incarceration. Defendant filed a timely appeal in which he argues that the evidence was

insufficient to support the verdict.

CP-51-CR-0011567-2013 Comm. v. Smith, Khalil
Opinion

7366610801

FACTUAL BACKGROUND

On August 6, 2013, at approximately 11:00pm, Philadelphia Police Officers Robert

McCuen, John Terry, and Anthony Mooney were in plain clothes and traveling in an unmarked

vehicle on the 3500 block of North 18th Street when they observed a silver Nissan Altima that

was double-parked in the only lane of travel. Officer McCuen, who was driving the unmarked

police vehicle, stopped his vehicle approximately one car length behind the Altima. Another

vehicle was stopped in front of the Altima at the corner of the block. N.T 09/23/2014 at 33-38,

133-34.

While waiting for the Altima to proceed, Officer McCuen saw Defendant walking on the

driver's side of the street and facing his direction. Defendant was walking back from the vehicle

that was stopped in front of the Altima. As Defendant approached the driver's side door of the

Altima, he was still facing the direction of the police officers. Defendant then looked toward the

unmarked police vehicle. At this point, Officer McCuen observed a black handgun in

Defendant's right hand. Officer McCuen then observed Defendant place the handgun into the

waistband of his gray sweatpants at his mid-abdomen. Defendant then opened the door and entered the Altima. *Id.* at 132-38, 158-63, 179.

When he was making these observations, Officer McCuen testified that the area where the vehicles were stopped was well-lit and that the police vehicle's high-beam headlights were on. He was also approximately 15 feet away from Defendant when he observed Defendant with the firearm. Office Mooney, who was seated in the rear of the police vehicle, testified that he heard both Officers McCuen and Terry say that they observed Defendant place a gun in his waistband. *Id.* at 133-38, 158-62, 179.

After following the Altima for one-and-a-half blocks, the officers stopped the Altima for investigation. Three males were inside the vehicle, and Defendant was in the driver's seat. As Officer McCuen approached the Altima from the driver's side, he observed Defendant making movements. Specifically, Officer McCuen observed Defendant lean toward the middle of the vehicle. As Defendant leaned toward the middle, the back-seat passenger leaned forward between the two front seats. When Officer Mooney approached the Altima, he had a clear view of the occupants through the rear window. Officer Mooney observed Defendant lean right toward the center of the vehicle. At the same moment, the back-seat passenger leaned forward toward the center console. *Id.* at 40-42, 69-71, 142.

During the vehicle stop, Officer Mooney searched the vehicle and recovered a black, loaded .32-caliber revolver underneath an article of clothing that was located between the middle seat and the seat behind the driver. The gun was located to the immediate left of the rear passenger. Officer McCuen testified that the gun recovered from the rear of the vehicle was the same gun that he observed in Defendant's right hand prior to entering the Altima. *Id.* at 42-53, 143-54.

Defendant called Brian Bosket as a defense witness. Bosket was the passenger in the front seat of the Altima. At trial, Bosket testified that he was aware that a gun was recovered

-2-

from the Altima but denied that he saw the Defendant with the gun. Bosket testified that the back-seat passenger was in possession of the gun. On cross-examination, Bosket acknowledged that he uses several aliases. *Id.* at 201-22.

DISCUSSION

Defendant asserts that the evidence was insufficient to support the VUFA convictions because there was no evidence that Defendant actually possessed or constructively possessed the firearm. Appellate courts review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict-winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Bradley*, 69 A.3d 253, 255 (Pa. Super. Ct. 2013). The appellate court must evaluate the entire record and consider all evidence actually received. *Id.* Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id.* In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.*

1.    There Is Sufficient Evidence To Support The Conviction Under 18 Pa.C.S. § 6105

To sustain a conviction under Section 6105, there must be sufficient evidence to prove beyond a reasonable doubt that Defendant possessed a firearm and that he was convicted of an enumerated offense that prohibited him from possessing, using, controlling, or transferring a firearm. Section 6105 defines "firearm" as any weapon that is "designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S. § 6105; *Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa. Super. Ct. 2009).

Possession includes both actual possession and constructive possession. Constructive possession is defined as "conscious dominion," *i.e.*, the power to control the contraband and the

-3-

intent to exercise that control over the contraband. *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986). Constructive possession may be established by the totality of the circumstances. *Id.* "Individually, the circumstances may not be decisive; but in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control . . . ." *Commonwealth v. DeCampli*, 364 A.2d 454, 456 (Pa. Super. Ct. 1976). Constructive possession can be established based upon a defendant's furtive movements and if the contraband was found within the area of the defendant's immediate control. *Commonwealth v. Stembridge*, 579 A.2d 901, 903 (Pa. Super. Ct. 1990) (upholding a conviction for constructive possession of narcotics based upon defendant's seating location inside the car and his furtive movements).

Here, the evidence at trial was sufficient to prove beyond a reasonable doubt that Defendant *actually* possessed the firearm. Officer McCuen testified that he observed Defendant holding a black, .32-caliber revolver in his right hand while his unmarked police vehicle was stopped directly behind Defendant's vehicle. As Defendant approached the driver's side door, Officer McCuen observed Defendant place the gun in the waistband of his gray sweatpants while he was looking directly at the undercover officers. Officer McCuen was only 15 feet from Defendant when he made these observations, and the area was well–lit, including from the front high beams of the unmarked police vehicle.

There is also sufficient evidence to prove beyond a reasonable doubt that Defendant *constructively* possessed the firearm. Officer McCuen and Officer Mooney both testified that Defendant and the rear passenger made leaning movements toward each other while inside the Altima. The furtive movements observed by Officer Mooney—Defendant leaning to the right and the back-seat passenger leaning toward the center console—are consistent with a transfer of the weapon from Defendant to the back-seat passenger. The recovery of the revolver underneath an article of clothing that was located between the middle seat and the seat behind the driver

-4-

provides circumstantial evidence that Defendant transferred the firearm to the rear passenger after he entered the vehicle.

This direct and circumstantial evidence, viewed in the light most favorable to the Commonwealth as the verdict winner[1], is sufficient to prove beyond a reasonable doubt that Defendant possessed a firearm and that he was convicted of an enumerated offense that prohibited him from possessing the firearm.[2]

2.   There Is Sufficient Evidence To Support
     The Convictions Under 18 Pa.C.S. § 6106 And 6108

To sustain a conviction under Section 6106, there must be sufficient evidence to prove beyond a reasonable doubt that: (1) Defendant possessed a firearm, (2) the firearm was unlicensed, and (3) the firearm was concealed on or about Defendant's person. 18 Pa.C.S. § 6106(a); *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. Ct. 2004). Section 6106 defines "firearm" as any pistol or revolver with a barrel length less than 15 inches, or any pistol, revolver, rifle, or shotgun with an overall length of less than 26 inches. 18 Pa.C.S. § 6102.

To sustain a conviction under Section 6108, there must be sufficient evidence to prove beyond a reasonable doubt that Defendant carried a firearm at any time upon the public street or upon public property in the city of Philadelphia and that Defendant was not licensed to carry a firearm or exempt from licensing. 18 Pa.C.S. § 6108; *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1026 (Pa. Super. Ct. 2013).

For the reasons stated *supra* at 3-5, there is sufficient evidence to support the convictions under Sections 6106 and 6108.

---

[1] Based on the evidence presented and the demeanor of the witnesses at trial, the fact-finder's credibility determinations—including its apparent disbelief of the defense witness' testimony based in part on his demeanor and use of several aliases—should stand because there is no basis to disturb them on appeal.

[2] Defendant conceded that he was prohibited from possessing a firearm under Section 6105 due to a prior drug conviction, and Detective Andrejczak test-fired the weapon and testified that it was operable. N.T. 09/23/2014 at 53, 90, 101, 198.

## CONCLUSION

Based on the foregoing, the judgment of sentence should be affirmed.

BY THE COURT:

_____
DANIEL J. ANDERS, JUDGE
Dated: November 5, 2015

*Commonwealth v. Khalil Smith*
CP-51-CR-0011567-2013
1881 EDA 2015

# PROOF OF SERVICE

I herby certify that I am this day serving the foregoing Court Order upon the persons, and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Attorney for the Commonwealth:

        Hugh Burns, Esq.
        Assistant District Attorney
        Office of the District Attorney
        Three South Penn Square
        Corner of Juniper and S. Penn Square
        Philadelphia, PA 19107-3499
        Hugh.Burns@phila.gov

Type of Service:      ( ) Personal (X) Regular mail () CJC mailbox (X) Email

Defendant's Counsel:

        David Barrish, Esq.
        1333 Race Street
        Philadelphia, PA 19107-1556
        (215) 557-6710
        dwbarrish@hotmail.com

Type of Service:      ( ) Personal (X) Regular mail () CJC mailbox (X) Email

Defendant/Petitioner:

        Khalil Smith
        1422 W. Lenox Street
        Philadelphia, PA 19140

Type of Service:      ( ) Personal (X) Regular mail () CJC mailbox () Email

DATED: 11/5/2015

                      Bobby Ochoa, Esq.
                      Law Clerk to Hon. Daniel J. Anders